IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Arkmael Ray Sales, | : | |
|---|---|---|
| Plaintiff | : | Civil Action 2:11-cv-00239 |
| v. | : | Judge Marbley |
| Mr. K. Smith, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

This matter is before the Magistrate Judge on plaintiff Arkmael Ray Sales' June 7, 2012 motion for the issuance of an injunction (doc. 45) and June 11, 2012 supplemental motion for injunctive relief (doc. 46).

<u>Plaintiff's motions</u>. In his June 7, 2012 motion plaintiff states he was placed in the D-unit based on his medical condition, but he was unable to access the main prison law library because of his medical restrictions. Plaintiff sought and was granted permission to use the law library in the B-1 medical unit, but defendant Smith refused to honor the order providing plaintiff access to it. Plaintiff maintains that defendant Smith began personally attacking and harassing him. Plaintiff complained about the problems he was having accessing various departments, so he was moved back to the B-1 medical unit. When Smith learned of the transfer, he had plaintiff moved back to the D-unit.

1

In December 2011, plaintiff was transferred to the Correctional Medical Center in order to have an ultrasound of his heart. Although plaintiff has a security level of 2, he was placed in the maximum security area. The ultrasound confirmed that plaintiff had an aneurysm. He was placed on the B-1 medical unit again, but Smith continues to try to have him moved and to harass plaintiff.

In his June 11, 2012 supplemental motion, plaintiff alleges additional incidents of harassment by defendant Smith.

<u>Discussion</u>. A district court must assess four factors in deciding whether to issue a preliminary injunction: "(1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief." *Nightclubs, Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000). "The four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met." *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

Plaintiff has not established a substantial likelihood or probability of success on the merits or that he will suffer irreparable harm if an injunction is not issued because plaintiff has not articulated with specificity the relief that he seeks or the harm he faces. It is simply not clear what plaintiff is requesting the Court to do. Additionally, plaintiff has provided no evidence indicating that failure to issue the injunction would cause

substantial harm to others or whether the public interest would be served by granting injunctive relief. As a result, plaintiff's motion for injunctive relief should be denied.

As a result, the Magistrate Judge RECOMMENDS that plaintiff Arkmael Ray Sales' June 7, 2012 motion for the issuance of an injunction (doc. 45) and June 11, 2012 supplemental motion for injunctive relief (doc. 46) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel  
United States Magistrate Judge