IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Arkmael Ray Sales, | : | |
| Plaintiff | : | Civil Action 2:11-cv-239 |
| v. | : | Judge Marbley |
| Mr. K. SMith, *et al.*, | : | Magistrate Judge Abel |
| Defendants | | |
| | : | |

**ORDER**

Plaintiff Arkmael Ray Sales, a state prisoner, brings this action alleging that

defendants violated his First and Eighth Amendment rights.  This matter is before the

Court on plaintiff Arkmael Ray Sales' November 21, 2012 objections to Magistrate Judge

Abel's November 2, 2012 Report and Recommendation that defendants' August 1, 2012

motion for summary judgment be granted and that plaintiff Sales' October 31, 2012

motion for injunctive relief be denied.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B),

the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendants'

August 1, 2012 motion for summary judgment.  (Doc. 54).

I.      **Allegations in the Complaint**

The complaint alleges that on June 3, 2010, at approximately 2:45 p.m., plaintiff

requested that he be released from his unit for his prescribed breathing treatment.

Plaintiff suffers from chronic obstructive pulmonary disorder. Chemical mace had been

released in his unit, and plaintiff was having difficulty breathing. Plaintiff requested to be released three times. An inmate walking by observed plaintiff and stated that it was an emergency. Defendant Smith continued to ignore plaintiff's requests. Plaintiff told defendant Smith that he may as well write him up because plaintiff intended to file a complaint as soon as he could get the form. Defendant Smith charged the gate and threatened to put plaintiff in the hole. The gate was opened and plaintiff went to the infirmary where he received a breathing treatment. Plaintiff also required 35-40 minutes of oxygen before he returned to the unit. When he returned to his unit, plaintiff drafted a complaint concerning defendant Smith.

The complaint alleges that immediately thereafter, defendant Smith began retaliating against plaintiff by attempting to have him placed in the hole. Defendant Smith began repeated searches of plaintiff's property. When plaintiff filed a second complaint, the retaliation escalated. Plaintiff was subjected to daily searches of his property and his belongings were left scattered on the floor. Plaintiff never received a response to his first complaint. Defendant Hammond was ordered by Major Bill Blaney to respond plaintiff's second complaint. Plaintiff wrote to Major Blaney about Hammond's failure to respond. Defendant Hammond informed plaintiff that he was not going to win and that he should give up. Plaintiff asked that he respond to the complaint so that plaintiff could proceed to the next step of the grievance procedure.

On one day, defendant Smith shook plaintiff down three times within an eight hour shift. Plaintiff filed a second complaint with defendant Hammond against defendant Smith.

On October 17, 2010, plaintiff was in bed all day. He did not leave the unit until after the 4:00 count. Upon his return from his meal, plaintiff collected $20 from football winnings and locked it in his locker. He went to make a cup of coffee. While waiting for the water to heat, plaintiff was surrounded by two correctional officers. Plaintiff was subjected to a strip search.

On October 19, 2010, plaintiff received a conduct report dated October 17, 2010 charging him with a violation for having a weapon in his bed. At the Rules Infraction Board, plaintiff pleaded not guilty and requested that the security tape be produced to determine who had planted the weapon. Plaintiff also requested that finger printing and voice stress testing be conducted. Plaintiff received a 15-day solitary and local control placement with a recommendation that his security level be raised.

The complaint alleges that Inmate Hirst informed plaintiff that he had seen Smith near his bed on the day that the weapon was found there. Inmate Whipple provided plaintiff with an affidavit concerning the day that plaintiff requested release from the unit because of the spray.

Plaintiff received a folded up piece of paper from an inmate porter. The note was purportedly from correction officer Hill directed to defendant Smith concerning their

3

plan to place a weapon in Sales' bed. On January 24, 2011, corrections officers

Hammond and Dray confiscated the note.

## II.    Plaintiff's Objections

Plaintiff argues that defendant Smith indicated in his response to an

interrogatory that Smith had had disciplinary problems from Sales prior to June 3, 2010,

but defendant has not produced any evidence to support this allegation. Plaintiff Sales

maintains that he submitted evidence demonstrating that he has exhibited superior

institutional conduct since 2002. Sales maintains that defendant lied in his August 1,

2012 declaration when he stated that he caught plaintiff selling or trying to sell drugs.

Plaintiff asks why the other inmate was not issued a conduct report if Sales was in fact

attempting to sell drugs to someone else. Plaintiff maintains that defendant Smith only

began treating plaintiff differently after plaintiff filed his June 3, 2010 complaint.

Plaintiff has submitted evidence showing that defendant Smith has issued three

conduct reports concerning plaintiff. Plaintiff maintains that these conduct reports

consist of lies, and his attempts to file grievances regarding the lies have been

unsuccessful. Plaintiff also relies on discrepancies in the conduct reports filed by

defendants. Plaintiff contends that he could introduce witnesses to show that defendant

Hill has lied.

Plaintiff maintains that the Magistrate Judge erred when he found that plaintiff

was required to provide verifying medical evidence to show that the delay in treatment

4

was sufficiently serious and placed him in substantial risk of harm. He maintains that
he would call expert witnesses to demonstrate the danger pepper spray poses to him.

Plaintiff also objects to the Magistrate Judge's recommendation that his motion
for injunctive relief be denied. Plaintiff contends that he has been threatened and he is
being denied the same rights and privileges as those of the general prison population.
He maintains that he has not had a change of clothes since September 5, 2012.

### III.    Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a
genuine dispute must support that assertion by either "(A) citing to particular parts of
materials in the record, including depositions, documents, electronically stored
information, affidavits or declarations, stipulations (including those made for purposes
of the motion only), admissions, interrogatory answers, or other materials"; or "(B)
showing that the materials cited do not establish the absence or presence of a genuine
dispute, or that an adverse party cannot produce admissible evidence to support the
fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that
would be admissible in evidence," and "[t]he burden is on the proponent to show that
the material is admissible as presented or to explain the admissible form that is
anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a

party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

### IV.    Discussion

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. *Estelle*, 429 U.S. at 103-04.  Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here, the Magistrate Judge found that the only disputed facts were the length of time that Sales was forced to wait before being released to obtain his breathing treatment and the reason for that delay. Sales alleges that he was forced to wait ten minutes before he was released and that there was no apparent reason for the delay. Defendants maintain that plaintiff only had to wait for five minutes before he was released and that the reason for the delay was that Correction Officer Smith had to tend to his own needs based on his exposure to the pepper spray.

The Magistrate Judge properly noted that "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)(quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994). Verifying medical evidence provides the court with the best available evidence

as to whether the alleged deprivation is sufficiently serious and whether the inmate was at substantial risk of harm. *Id.* "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments." *Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). The burden of proof in such cases is fairly substantial, in that an inmate complaining about his course of treatment, such as receiving one medication instead of another, must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

Plaintiff has not provided any verifying medical evidence to establish the detrimental effect of the delay of an additional five minutes caused him. Plaintiff's subjective complaints are simply not sufficient and do not constitute verifying medical evidence. Plaintiff maintains that he would have subpoenaed expert testimony to show that the delay had a detrimental effect, but plaintiff was required to present this evidence in order to survive summary judgment. He failed to do so.

It is not clear whether plaintiff intended to object to the Magistrate Judge's finding with respect to his claim for retaliation in violation of the First Amendment, but the Court finds that the Magistrate Judge correctly found that Plaintiff has not shown that defendant Smith took an adverse action against him. Plaintiff simply alleges that Smith enforced prison rules against him. Although plaintiff maintains that defendant Smith enforced rules against him that he did not enforce against other inmates, plaintiff

fails to cite to any case law supporting his claim that selective enforcement of prison rules is actionable. Sales also fails to provide any evidence to support his allegations of selective enforcement.

In his motion for injunctive relief, plaintiff Sales alleges that a threatening note was mailed to his sister. During an investigation, Sales made a photo identification of those responsible for the threats and signed a statement against them. He was placed in Security Control on September 5, 2012. He was advised to ask for protective custody. Five days later, plaintiff signed a paper asking to be transferred to the Hocking Correctional Institution. However, he continues to be held in Security Control.

The Magistrate Judge properly noted that these allegations do not involve this lawsuit and provide no basis for injunctive relief here. Further, a prisoner has no right to be transferred to a particular prison. *See, Olim v. Wakinekona,* 461 U.S. 238, 245 (1983); *Montayne v. Haymes,* 472 U.S. 236, 242-43 (1976); *Meachum v. Fano,* 427 U.S. 215, 224-25 (1976); *Ward v. Dyke,* 58 F.3d 271, 275 (6th Cir. 1995).

### V.    Conclusion

For the reasons stated above, the Court ADOPTS the Magistrate Judge's Report and Recommendation. Defendants' August 1, 2012 motion for summary judgment is GRANTED. Plaintiff's October 31, 2012 motion for injunctive relief (doc. 68) and his November 21, 2012 motion for reconsideration (doc. 70) are DENIED.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants.  This action is hereby **DISMISSED.**


                          s/Algenon L. Marbley
                        Algenon L. Marbley
                        United States District Judge

DATED: March 28, 2013